## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **COMPETITIVE ACCESS SYSTEMS, INC.** | ) | |
| | ) | |
| | ) | Case No: 4:25-cv-00948 |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| | ) | |
| **MOTOROLA MOBILITY LLC** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORIGINAL COMPLAINT

Plaintiff Competitive Access Systems, Inc. ("CAS" or "Plaintiff") makes this Complaint, including a demand for a jury trial, against Motorola Mobility LLC ("Defendant" or "Motorola") and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for infringement of U.S. Patent Nos. 8,861,349; 9,350,649; 11,418,641; 11,582,343; and 8,228,801 (the "Asserted Patents").  This action seeks past money damages for Motorola's acts of making, using, selling, offering for sale, and/or importing its infringing products that infringe CAS's rights in five issued U.S. Patents.  Such infringing products include consumer electronic products, including but not limited to Motorola's Smartphones that implement 3GPP standards in conjunction with Motorola's device's simultaneous use of 4G LTE and 5G connections.

## THE PARTIES

2.     Plaintiff Competitive Access Systems, Inc., is incorporated under the laws of the State of Texas, and its principal place of business is located in Plano, Texas.

3.      On information and belief, Motorola is a Delaware limited liability company with its principal place of business at 222 W. Merchandise Mart Plaza, Suite 1800, Chicago, Illinois 60654. Motorola designs, develops, manufactures, sells, offers for sale, markets, and imports mobile phones in the United States and does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the Judicial District of the Northern District of Texas. Motorola has multiple places of business in the state of Texas, including a place of business at 13301 Park Vista Boulevard, Fort Worth, Texas 76177.  As of March 10, 2022, Motorola had at least 13 employees in the Fort Worth area.  Motorola is registered to do business in the state of Texas and has a registered agent located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

4.      Motorola designs, manufactures, imports, distributes, offers to sell and/or sells the infringing products throughout the United States, including within this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

5.      This action arises under the United States patent laws, 35 U.S.C. § 101, *et seq.*, including 35 U.S.C. § 271, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a).

6.      This Court has personal jurisdiction over Motorola in this action because Motorola has committed acts of infringement within this District giving rise to this action, has a regular and established place of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over Motorola would not offend traditional notions of fair

play and substantial justice. Motorola, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in Texas and the Northern District of Texas, regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in Texas, and committed acts of infringement of CAS's patents in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patents, including without limitation the Motorola smartphones accused of infringement in this case. Motorola, directly and/or through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in the Northern District of Texas. These products and/or services have been purchased and used in the Northern District of Texas.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(b).  Motorola has transacted business in this District and has committed acts of direct infringement in this District by, among other things, making, using, importing, offering to sell, and/or selling products that infringe the Asserted Patents.

## INTRODUCTION

### CAS and Eric Delangis

8.      CAS was founded by Eric Delangis as a technology design and development company.

9.      Mr. Delangis has extensive experience designing communications systems for satellites and terrestrial applications.  While living in rural Colorado, Mr. Delangis was unable to

obtain high speed internet. Rather than settle for slow, dial-up internet, Mr. Delangis attempted to find a commercial solution for pooling multiple internet connections. When he was unable to locate any solutions to his problem, Mr. Delangis invented innovative router technology to route data over several internet connections, including DSL, ISDN, dial-up, and wireless connections, and combine the received data for the intended receiving device.

10.     In particular, Mr. Delangis developed a variety of systems and protocols for transmitting and receiving data in a faster and more efficient manner by transmitting data over multiple communication channels to improve the effective bandwidth between the sender and recipient of the data. The usage of multiple communication channels further provides enhanced reliability as data can be transmitted even when some of the communication channels are suffering from reduced performance or are unavailable. This improves the functionality of the computer networks themselves, particularly as compared to the solutions available at the time Mr. Delangis invented his router technology.

11.     Mr. Delangis' solution is necessarily rooted in computer technology and wired and wireless communications to overcome a problem specifically arising in the realm of computer networks. By enabling the simultaneous use of multiple communication channels, Mr. Delangis' technology reduces the likelihood of dropped connections, slow data rates, or service interruptions. This is particularly important for wireless applications that demand high reliability, including video conferencing, real-time navigation, and emergency communications, where network interruptions can have significant consequences. The increased speed, bandwidth, and reliability this technology offers is a key advantage for users.

***Motorola and Motorola's Smartphones***

12.     Motorola designs, markets and sells, among other consumer electronics, wireless

portable electronic devices, including smartphones.

13.     With the release of E-UTRAN New Radio Dual Connectivity ("EN-DC") based on the 3GPP 5G New Radio (NR) standard in 2019 ("3GPP"), Motorola smartphones applying dual connectivity technology can use both 4G and 5G networks to obtain high speeds, low latency, and increased connectivity by combining the capabilities of both 4G and 5G networks.

14.     As explained more fully below, CAS asserts that each Motorola product implementing 3GPPP, including through EN-DC, infringes the Asserted Patents. To recover appropriate remedies for past infringement, CAS brings this action for patent infringement.

## THE CAS ASSERTED PATENTS

15.     The claims in this Complaint are for infringement of U.S. Patent Nos. 8,861,349; 9,350,649; 11,418,641; 11,582,343; and 8,228,801 (collectively the "Asserted Patents"). CAS does not waive, and expressly reserves, all rights and claims for relief against Motorola and others with regard to its patent rights beyond those set forth in this Complaint.

## THE '349 PATENT

16.     U.S. Patent No. 8,861,349 (the "'349 Patent") is entitled "Broadband Communications Device." The '349 Patent was duly and legally issued on October 14, 2014, by the United States Patent and Trademark Office. A copy of the '349 Patent is attached to this Complaint as Exhibit A and incorporated herein by reference.

17.     CAS is the owner and assignee of the '349 Patent and possesses all rights of recovery under the '349 Patent.

18.     The '349 Patent expired on October 14, 2023. This Complaint seeks damages for infringement of the '349 Patent prior to its expiration.

19.     The '349 Patent claims are valid and enforceable.

**THE '649 PATENT**

20.    U.S. Patent No. 9,350,649 (the "'649 Patent") is entitled "Multipath Communication Devices and Methods." The '649 Patent was duly and legally issued on May 24, 2016, by the United States Patent and Trademark Office. A copy of the '649 Patent is attached to this Complaint as Exhibit B and incorporated herein by reference.

21.    CAS is the owner and assignee of the '649 Patent and possesses all rights of recovery under the '649 Patent.

22.    The '649 Patent expired on October 14, 2023. This Complaint seeks damages related to infringement of the '649 Patent prior to its expiration.

23.    The '649 Patent claims are valid and enforceable.

**THE '641 PATENT**

24.    U.S. Patent No. 11,418,641 (the "'641 Patent") is entitled "Devices and Methods for Multipath Communications." The '641 Patent was duly and legally issued on August 16, 2022, by the United States Patent and Trademark Office. A copy of the '641 Patent is attached to this Complaint as Exhibit C and incorporated herein by reference.

25.    CAS is the owner and assignee of the '641 Patent and possesses all rights of recovery under the '641 Patent.

26.    The '641 Patent expired on December 11, 2023. This Complaint seeks damages related to infringement of the '641 Patent prior to its expiration.

27.    The '641 Patent claims are valid and enforceable.

**THE '343 PATENT**

28.    U.S. Patent No. 11,582,343 (the "'343 Patent") is entitled "Devices and Methods for Multipath Communications." The '343 Patent was duly and legally issued on February 14,

2023, by the United States Patent and Trademark Office. A copy of the '343 Patent is attached to this Complaint as Exhibit D and incorporated herein by reference.

29.    CAS is the owner and assignee of the '343 Patent and possesses all rights of recovery under the '343 Patent.

30.    The '343 Patent expired on October 14, 2023. CAS seeks damages for infringement of the '343 Patent occurring prior to its expiration.

31.    The '343 Patent claims are valid and enforceable.

## THE '801 PATENT

32.    U.S. Patent No. 8,228,801 (the "'801 Patent") is entitled "Broadband Communications Device." The '801 Patent was duly and legally issued on July 24, 2012, by the United States Patent and Trademark Office. A copy of the '801 Patent is attached to this Complaint as Exhibit E and incorporated herein by reference.

33.    CAS is the owner and assignee of the '801 Patent and possesses all rights of recovery under the '801 Patent.

34.    The '801 Patent expired on January 22, 2025. CAS seeks damages for infringement of the '801 Patent occurring prior to its expiration.

35.    The '801 Patent claims are valid and enforceable.

## DEFENDANT'S INFRINGING PRODUCTS

36.    Upon information and belief, Motorola smartphones demonstrate EN-DC technology via simultaneous use of 4G LTE and 5G New Radio (NR) connections, using simultaneous throughput on the 5G network and on the 4G-LTE network. *See, e.g.*, Exhibit F.

37.    On information and belief, Motorola smartphones deploy EN-DC technology which implements the standards described in 3GPP protocols, such as 3GPP TS 37.340 and related

protocols.

38.     More specifically, Motorola smartphones use core processor chipsets (e.g., Snapdragon or MediaTek chipsets) deploying Non-Standalone (NSA) 5G mode, which inherently supports EN-DC technology in compliance with 3GPP standards. *See id*.

39.     3GPP protocols explain that when the device user is connected to 4G-LTE and 5G-NR networks via EN-DC, it communicates via both networks with any remote system which the user is accessing, leveraging a "Master Cell Group" or "Master Node" in a first network (e.g., 4G-LTE), and a "Secondary Cell Group" or "Secondary Node" in a second network (e.g., 5G-NR). *See* Exhibit G, at Section 4.2.2, 4.3.2.1.

40.     An example of Motorola's commercially available smartphones deploying a fully integrated NSA 5G modem – and thus using EN-DC technology – was the Motorola Edge Plus, which was commercially released in May 2020. *See* Exhibit H.

41.     Since at least as early as 2020, Motorola has continued to highlight its use of EN-DC technology, for example, disclosing in its product specifications that its devices support both 4G LTE and 5G NR frequency bands within a single device. *See, e.g*., Exhibit F.

42.     Motorola infringed CAS's patents rights by making, using, selling, offering for sale, and/or importing its smartphones that comply with portions of 3GPP protocols, including but not limited to through its use of EN-DC. The Motorola "Infringing Products" include, but are not limited to, the following models:

- Moto E Series
        Moto E6
        Moto E6 Play
        Moto E6 Plus
        Moto E6s
        Moto E
        Moto E7
        Moto E7 Plus

Moto E6i
Moto E7 Power
Moto E7i Power
Moto E20
Moto E30
Moto E40
Moto E22
Moto E22s
Moto E32
Moto E13
Moto E14

- Moto G Series
  - Moto G7
  - Moto G7 Play
  - Moto G7 Power/Optimo Maxx/Supra
  - Moto G7 Plus
  - Moto G8 Play
  - Moto G8 Plus
  - Moto G8
  - Moto G8 Power
  - Moto G8 Power Lite
  - Moto G7 Optimo
  - Moto G 2020 line:
    - Moto G Fast
    - Moto G Power
    - Moto G Stylus/G Pro
    - Moto G 5G Plus
  - Moto G9 Play/G9
  - Moto G9 Plus
  - Moto G9 Power
  - Moto G 2021 line:
    - Moto G 5G
    - Moto G Pure
    - Moto G Play
    - Moto G Power
    - Moto G Stylus
    - Moto G Stylus 5G
  - Moto G10
  - Moto G10 Power
  - Moto G20
  - Moto G30
  - Moto G40 Fusion
  - Moto G50
  - Moto G50 5G
  - Moto G60

- o Moto G60S
- o Moto G100
- o Moto G 2022 line:
  - Moto G Power
  - Moto G 5G
  - Moto G Stylus
  - Moto G Stylus 5G
- o Moto G31
- o Moto G41
- o Moto G51 5G
- o Moto G71 5G
- o Moto G200 5G
- o Moto G22
- o Moto G52
- o Moto G52j
- o Moto G82
- o Moto G62
- o Moto G32
- o Moto G72
- o Moto G53 5G
- o Moto G13
- o Moto G23
- o Moto G53j/G53s/G53y
- o Moto G73 5G
- o Moto G14
- o Moto G34 5G
- o Moto G84
- o Moto G54
- o Moto G54j/G54j 5G

- Moto S Series
  - o Moto S30 Pro

- Moto X Series
  - o Moto X30 Pro
  - o Moto X40

- Moto Z Series
  - o Moto Z4

- Motorola Razr Series
  - o Motorola Razr
  - o Motorola Razr 5G
  - o Motorola Razr
  - o Motorola Razr 40
  - o Motorola Razr+

- Motorola Edge Series
  - edge
  - edge+
  - edge S/moto g100
  - edge 20 Lite
  - edge 20 Fusion
  - edge 20
  - edge 20 PRO/edge S PRO (PRC)
  - edge S30 (PRC)
  - edge X30 (PRC)
  - edge 30
  - edge 30 PRO
  - edge 30 ULTRA
  - edge 30 FUSION
  - edge 30 NEO
  - edge 40
  - edge 40 PRO/edge+ (2023) (US)/edge X40 (PRC)

- Motorola One Series
  - Motorola One P30 Note
  - Motorola One Vision
  - Motorola One Action
  - Motorola One Zoom
  - Motorola One Macro
  - Motorola One Hyper
  - Motorola One Fusion
  - Motorola One Fusion+
  - Motorola One 5G Ace

## CLAIMS FOR RELIEF

43.    CAS's averments of infringement against Motorola that follow in Counts One – Five are exemplary of, and without prejudice to CAS's ultimate infringement contentions.  In providing these averments, CAS does not convey or imply any particular claim constructions or purport to describe the precise scope of the claims.  CAS's claim constructions, as necessary, regarding any particularized meaning of the claim terms for the Asserted Patents' claims will be provided in accordance with the Court's scheduling order and any applicable local rules or standards.

## COUNT ONE
## (INFRINGEMENT OF U.S. PATENT NO. 8,861,349)

44.    CAS repeats, re-alleges, and incorporates by reference the averments of all preceding paragraphs of this Complaint as though fully set forth herein.

45.    Motorola's Infringing Products infringe at least claim 13 of the '349 Patent.

46.    By way of further illustrative infringement, claim 13 of the '349 Patent recites as follows:

> **13.** A device comprising:
> an interface that establishes a network connection at a first location to a first network and receives first data packets over the network connection;
> a wireless interface that is configured to establish a wireless connection to a remote communications device, the remote communications device being connected at a second location to a second network; and
> a processor that sends a multilink request over the wireless interface to the remote communications device to join the multilink connection, receives from the interface the first data packets from the first network and when the multilink request is accepted by the remote communications device, concurrently receives from the wireless interface second data packets from the second network, the second data packets being received at the second location from the second network.

47.    For example, any Motorola device implementing 3GPP, including through EN-DC, has "an interface that establishes a network connection at a first location to a first network and receives first data packets over the network connection." For example, each Motorola Infringing Product can connect to a "Master Node" (e.g. ENB and/or GNB) at a first location and receive first data packets through a 4G-LTE network connection according to 3GPP specifications. *See* Exhibit G, at Sections 3, 4.1.2, 4.1.3.1, 4.3.1, 4.3.2, and 10.2.1, 10.3.1.

48.    Any Motorola device implementing 3GPP, including through EN-DC, has "a wireless interface that is configured to establish a wireless connection to a remote communications device, the remote communications device being connected at a second location to a second network." For example, each Motorola Infringing Product can connect to one or more "Secondary

Nodes" (e.g. GNB) at a second location and receive second data packets through a 5G-NR wireless interface according to 3GPP specifications. *See id.*, at Sections 3, 4.1.2, 4.1.3.1, 4.3.1, 4.3.2, 10.2.1, and 10.3.1.

49.    Any Motorola device implementing 3GPP, including through EN-DC, has "a processor that sends a multilink request over the wireless interface to the remote communications device to join the multilink connection." For example, a Motorola device in the EN-DC configuration exchanges several messages and data structures including but not limited to those described in the following 3GPP specifications:

a. **RRC Connection Setup Complete** which also includes the "Attach Request," "PDN Connectivity Request," and "UE Network Capability" data structures and elements. *See* Exhibit I, at Sections 5.5.1.2.4, 5.5.3.2.4, 8.2.4, 8.3.20, and 9.9.3.34.

b. **UE Capability Information** which also includes the "UE-MRDC-Capability" and "SupportedBandListNR" data structures. *See* Exhibit J, at Section 6.3.3; *see also* Exhibit K, at Section 4.2.8.

c. **GNB Addition Request** which also includes the "CG-Config" data structure. *See* Exhibit J, at Section 11.2.2.

d. **RRC Connection Reconfiguration for 5G-NR Bearer** which also includes the "CG-Config" and the "RRCReconfigurationComplete" data structures. *See id.*, at Sections 11.2.2 and 6.2.2.

e. **SgNB Reconfiguration Complete** which also includes the "RRCReconfigurationComplete" data structure. *See* Exhibit L, at Section 8.7.5; *see also* Exhibit J at Section 6.2.2.

f. **NR PDCCH DCI** and **NR MAC PDU**. *See* Exhibit M, at Section 7; *see also*

Exhibit N, at Section 6.

50.    Any Motorola device implementing 3GPP, including through EN-DC, has a processor that "receives from the interface the first data packets from the first network." For example, a Motorola device in the EN-DC configuration is connected to a "first network" (e.g. a 4G-LTE network via an ENB) and second network (e.g. a 5G-NR network via a GNB) and can receive data packets from the "first network" via wireless base stations (e.g. the 4G-LTE ENB) according to 3GPP specifications.

51.    Any Motorola device implementing 3GPP, including through EN-DC, has a processor that "when the multilink request is accepted by the remote communications device, concurrently receives from the wireless interface second data packets from the second network, the second data packets being received at the second location from the second network." For example, a Motorola device in the EN-DC configuration is simultaneously connected to a "first network" (e.g. a 4G-LTE network via an ENB) and second network (e.g. a 5G-NR network via a GNB). Using the "split bearer" configuration, the Motorola device receives data packets from both the first network (e.g. the 4G-LTE ENB) and the second network (e.g. the 5G-NR GNB). *See* Exhibit G, at Sections 4.2.2 and 4.3.2.1.

52.    As such, Motorola, without license or authorization to do so, has directly infringed one or more claims of the '349 Patent, literally or under the doctrine of equivalents, by making, using, offering for sale and/or selling its Infringing Products within this District and elsewhere in the United States, and/or importing into the United States its Infringing Products, in violation of 35 U.S.C. § 271(a).

53.    CAS is entitled to damages for past infringement in an amount to be determined by the Court but in no event less than a reasonable royalty.

## COUNT TWO
### (INFRINGEMENT OF U.S. PATENT NO. 9,350,649)

54.    CAS repeats, re-alleges, and incorporates by reference the averments of all preceding paragraphs of this Complaint as though fully set forth herein.

55.    Motorola's Infringing Products infringe at least claim 18 of the '649 Patent.

56.    By way of further illustrative infringement, claim 18 of the '649 Patent recites as follows:

> 18. A data-requesting device comprising:
> at least one interface capable of connecting concurrently to a plurality of network-edge devices during a multipath connection, the multipath connection comprising the connections between the data-requesting device and each of the network-edge devices; and
> at least one processor coupled to the at least one interface that
> sends multipath information to each of the network-edge devices that is capable of joining the multipath connection; and
> receives different data at the data-requesting device from different ones of the network-edge devices that are able to join the multipath connection.

57.    For example, any Motorola device implementing 3GPP, including through EN-DC, is "a data-requesting device."

58.    Any Motorola device implementing 3GPP, including through EN-DC, has "at least one interface capable of connecting concurrently to a plurality of network-edge devices during a multipath connection, the multipath connection comprising the connections between the data-requesting device and each of the network-edge devices." For example, each Motorola Infringing Product is capable of connecting concurrently to these one or more "Master Nodes" (e.g. ENB and/or GNB) and one or more "Secondary Nodes" (e.g. GNB), each of which comprise network edge devices, and maintaining a multipath connection via the network edge devices' 4G-LTE or 5G-NR wireless interfaces according to 3GPP specifications for EN-DC. *See* Exhibit G, at Sections 3, 4.1.2, 4.1.3.1, 4.3.1, 4.3.2, 10.2.1, and 10.3.1.

59.     Any Motorola device implementing 3GPP, including through EN-DC, has "at least one processor coupled to the at least one interface[.]"

60.     Any Motorola device implementing 3GPP, including through EN-DC, has a processor that "sends multipath information to each of the network-edge devices that is capable of joining the multipath connection[.]" For example, a Motorola device in the EN-DC configuration exchanges several messages and data structures including but not limited to those described in the following 3GPP specifications:

a.  **RRC Connection Setup Complete** which also includes the "Attach Request," "PDN Connectivity Request," and "UE Network Capability" data structures and elements. *See* Exhibit I, at Sections 5.5.1.2.4, 5.5.3.2.4, 8.2.4, 8.3.20, and 9.9.3.34.

b.  **UE Capability Information** which also includes the "UE-MRDC-Capability" and "SupportedBandListNR" data structures. *See* Exhibit J, at Section 6.3.3; *see also* Exhibit K, at Section 4.2.8.

c.  **GNB Addition Request** which also includes the "CG-Config" data structure. *See* Exhibit J, at Section 11.2.2.

d.  **RRC Connection Reconfiguration for 5G-NR Bearer** which also includes the "CG-Config" and the "RRCReconfigurationComplete" data structures. *See id.*, at Sections 11.2.2 and 6.2.2.

e.  **SgNB Reconfiguration Complete** which also includes the "RRCReconfigurationComplete" data structure. *See* Exhibit L, at Section 8.7.5; *see also* Exhibit J at Section 6.2.2.

f.  **NR PDCCH DCI** and **NR MAC PDU**. *See* Exhibit M, at Section 7; *see also* Exhibit N, at Section 6.

61.     Any Motorola device implementing 3GPP, including through EN-DC, has a processor that is capable of receiving "different data at the data-requesting device from different ones of the network-edge devices that are able to join the multipath connection." For example, any Motorola Infringing Product implementing 3GPP receives different data from the Master Node and Secondary Node, as described in 3GPP specifications including TS 37.340, via a "multipath connection", where the data is transmitted through the 3GPP "split bearer" configuration. *See* Exhibit G, at Sections 4.2.2, 4.3.2.1.

62.     As such, Defendant Motorola, without license or authorization to do so, has directly infringed one or more claims of the '649 Patent, literally or under the doctrine of equivalents, by making, using, offering for sale and/or selling its Infringing Products within this District and elsewhere in the United States, and/or importing into the United States its Infringing Products, in violation of 35 U.S.C. § 271(a).

63.     CAS is entitled to damages for past infringement in an amount to be determined by the Court but in no event less than a reasonable royalty.

## COUNT THREE
### (INFRINGEMENT OF U.S. PATENT NO. 11,418,641)

64.     CAS repeats, re-alleges, and incorporates by reference the averments of all preceding paragraphs of this Complaint as though fully set forth herein.

65.     Motorola's Infringing Products infringe at least claim 1 of the '641 Patent.

66.     By way of further illustrative infringement, claim 1 of the '641 Patent recites as follows:

> **1**. A communications device that is capable of providing
> broadband communications services, comprising:
>     at least one connection for connecting to a communica-
>       tions network;
>     at least one wireless interface for connecting wirelessly to
>       at least one remote communications device; and
>     a processor that

> requests the at least one remote communications device
> to assist in transferring data,
> sends a request to the at least one remote communica-
> tions device for availability for participating in a
> multilink communication,
> if available, sends control information through the at
> least one remote communications device for partici-
> pating in a multilink connection,
> receives packets from the at least one remote commu-
> nications device, and
> aggregates the data from the at least one remote com-
> munications device with data transfers from the at
> least one connection to increase data bandwidth for
> the communications device.

67.    For example, any Motorola device implementing 3GPP, including through EN-DC, is "a communications device that is capable of providing broadband communications services."

68.    Any Motorola device implementing 3GPP, including through EN-DC, has "at least one connection for connecting to a communications network." For example, each Motorola Infringing Product can connect one or more "Master Nodes" (e.g. ENB and/or GNB) and receive first data packets through a 4G-LTE communications network according to 3GPP specifications. *See* Exhibit G, at Sections 3, 4.1.2, 4.1.3.1, 4.3.1, 4.3.2, 10.2.1, and 10.3.1.

69.    Any Motorola device implementing 3GPP, including through EN-DC, has "at least one wireless interface for connecting wirelessly to at least one remote communications device." For example, each Motorola Infringing Product can connect to one or more "Secondary Nodes" (e.g., GNB) and receive second data packets through a 5G-NR wireless interface according to 3GPP specifications. *See* Exhibit G, at Sections 3, 4.1.2, 4.1.3.1, 4.3.1, 4.3.2, 10.2.1, and 10.3.1.

70.    Any Motorola device implementing 3GPP, including through EN-DC, has "a processor that requests the at least one remote communications device to assist in transferring data." For example, a Motorola device in the EN-DC configuration exchanges several messages and data structures including but not limited to those described in the following 3GPP specifications:

    a. **RRC Connection Setup Complete** which also includes the "Attach Request,"

"PDN Connectivity Request," and "UE Network Capability" data structures and elements. *See* Exhibit I, at Sections 5.5.1.2.4, 5.5.3.2.4, 8.2.4, 8.3.20, and 9.9.3.34.

b. **UE Capability Information** which also includes the "UE-MRDC-Capability" and "SupportedBandListNR" data structures. *See* Exhibit J, at Section 6.3.3; *see also* Exhibit K, at Section 4.2.8.

c. **GNB Addition Request** which also includes the "CG-Config" data structure. *See* Exhibit J, at Section 11.2.2.

d. **RRC Connection Reconfiguration for 5G-NR Bearer** which also includes the "CG-Config" and the "RRCReconfigurationComplete" data structures. *See id.*, at Sections 11.2.2 and 6.2.2.

e. **SgNB Reconfiguration Complete** which also includes the "RRCReconfigurationComplete" data structure. *See* Exhibit L, at Section 8.7.5; *see also* Exhibit J at Section 6.2.2.

f. **NR PDCCH DCI** and **NR MAC PDU**. *See* Exhibit M, at Section 7; *see also* Exhibit N, at Section 6.

71.     Any Motorola device implementing 3GPP, including through EN-DC, has a processor that "sends a request to the at least one remote communications device for availability for participating in a multilink communication." For example, as discussed in the paragraph above, a Motorola device in the EN-DC configuration exchanges several messages and data structures. *See* Exhibit G, at Section 3, 4.1.2, 4.1.3.1, 4.3.1, 4.3.2, 10.2.1, and 10.3.1.

72.     Any Motorola device implementing 3GPP, including through EN-DC, has a processor that "if available, sends control information through the at least one remote communications device for participating in a multilink connection." For example, a Motorola

device in the EN-DC configuration sends several messages and data structures as mentioned above.

73.    Any Motorola device implementing 3GPP, including through EN-DC, has a processor that "receives packets from the at least one remote communications device." For example, a Motorola device in the EN-DC configuration can receive packets from the at least one remote communications device (e.g. a 4G-LTE network via an ENB) via wireless base stations (e.g. the 4G-LTE ENB) according to 3GPP specifications.

74.    Any Motorola device implementing 3GPP, including through EN-DC, "aggregates the data from the at least one remote communications device with data transfers from the at least one connection to increase data bandwidth for the communications device." For example, a Motorola device in the EN-DC configuration is simultaneously connected to "at least one remote communications device" such as a 4G-LTE base station (ENB) and a 5G-NR base station (GNB) via "at least one connection" such as a 4G-LTE wireless link and/or a 5G-NR wireless link according to 3GPP specifications. Using the "split bearer" configuration, the data is aggregated to increase bandwidth for the Motorola device. *See* Exhibit G, at Sections 4.2.2 and 4.3.2.1.

75.    As such, Motorola, without license or authorization to do so, has directly infringed one or more claims of the '641 Patent, literally or under the doctrine of equivalents, by making, using, offering for sale and/or selling its Infringing Products within this District and elsewhere in the United States, and/or importing into the United States its Infringing Products, in violation of 35 U.S.C. § 271(a).

76.    CAS is entitled to damages for past infringement in an amount to be determined by the Court but in no event less than a reasonable royalty.

## COUNT FOUR
### (INFRINGEMENT OF U.S. PATENT NO. 11,582,343)

77.     CAS repeats, re-alleges, and incorporates by reference the averments of all preceding paragraphs of this Complaint as though fully set forth herein.

78.     For example, Motorola's Infringing Products infringe at least claim 12 of the '343 Patent.

79.     By way of further illustrative infringement, claim 12 of the '343 Patent recites as follows:

> **12.** A communication device capable of providing broad-band communications services comprising:
>
> a first connection via a first device to a first network having a first bandwidth including an allocated first portion of the first bandwidth;
> a second connection via a second device to a second network having a second bandwidth including an allocated second portion of the second bandwidth; and
> a third connection to a remote device via the first network and the second network, the third connection having an effective bandwidth including the allocated first portion of the first bandwidth and the allocated second portion of the second bandwidth;
> wherein, in response to transmitting a request to the remote device via the third connection, the communication device receives a response from the remote device wherein a portion of the response is received via the first network and a portion of the response is received via the second network.

80.     For example, any Motorola device implementing 3GPP, including through EN-DC, is "communication device capable of providing broadband communications services."

81.     Any Motorola device implementing 3GPP, including through EN-DC, has a "first connection via a first device to a first network having a first bandwidth including an allocated first portion of the first bandwidth." For example, the Motorola devices implementing 3GPP can have a 4G-LTE link to a serving 4G-LTE base station (ENB), or "Master Node." This network provides a "first bandwidth" which is allocated for use by the Motorola device, and an "allocated portion of the first bandwidth" is used to communicate via the 4G-LTE network according to 3GPP

specifications. *See* Exhibit G, at Sections 3, 4.1.2, 4.1.3.1, 4.3.1, 4.3.2, and 10.2.1, 10.3.1.

82.     Any Motorola device implementing 3GPP, including through EN-DC, has "a second connection via a second device to a second network having a second bandwidth including an allocated second portion of the second bandwidth." For example, the Motorola devices implementing 3GPP have a second connection to a 5G-NR link to a serving 5G-NR base station (GNB), or "Secondary Node." The "second device" is connected to either a 4G-LTE core network (EPC) or a 5G core network (5GC) which has a "second bandwidth." An "allocated second portion of the second bandwidth" is used to communicate via the 5G-NR network. *See* Exhibit G, at Sections 3, 4.1.2, 4.1.3.1, 4.3.1, 4.3.2, and 10.2.1, 10.3.1.

83.     Any Motorola device implementing 3GPP, including through EN-DC, has "a third connection to a remote device via the first network and the second network, the third connection having an effective bandwidth including the allocated first portion of the first bandwidth and the allocated second portion of the second bandwidth." For example, a Motorola device in the EN-DC configuration is simultaneously connected to a "first network" (e.g. a 4G-LTE network) and "second network" (e.g. a 5G-NR network), both of which are used to communicate with a remote server via a "third connection", which aggregates bandwidth from the first network and the second network to provide an effective bandwidth which combines the allocated first portion of the first bandwidth (e.g. from the 4G-LTE network) and the allocated second portion of the second bandwidth (e.g. from the 5G-NR network). *See* Exhibit G, at Sections 4.2.2. and 4.3.2.1.

84.     Any Motorola device implementing 3GPP, including through EN-DC, "wherein, in response to transmitting a request to the remote device via the third connection, the communication device receives a response from the remote device wherein a portion of the response is received via the first network and a portion of the response is received via the second network." For

example, a Motorola device in the EN-DC configuration is simultaneously connected to a "first network" (e.g. a 4G-LTE network) and "second network" (e.g. a 5G-NR network). Both the "first network" and the "second network" are used to communicate with a "remote device" via a "third connection." Using the "split bearer" configuration, the Motorola device receives data packets from both the first network and the second network. *See* Exhibit G, at Sections 4.2.2 and 4.3.2.1.

85.     As such, Motorola, without license or authorization to do so, has directly infringed one or more claims of the '343 Patent, literally or under the doctrine of equivalents, by making, using, offering for sale and/or selling its Infringing Products within this District and elsewhere in the United States, and/or importing into the United States its Infringing Products, in violation of 35 U.S.C. § 271(a).

86.     CAS is entitled to damages for past infringement in an amount to be determined by the Court but in no event less than a reasonable royalty.

### COUNT FIVE
### (INFRINGEMENT OF U.S. PATENT NO. 8,228,801)

87.     CAS repeats, re-alleges, and incorporates by reference the averments of all preceding paragraphs of this Complaint as though fully set forth herein.

88.     For example, Motorola's Infringing Products infringe at least claim 1 of the '801 Patent.

89.     By way of further illustrative infringement, claim 1 of the '801 Patent recites as follows:

1. A communications device that is capable of providing broadband communications services, comprising:

    at least one connection for connecting to a communications network;

    at least one wireless interface for connecting wirelessly to at least one remote communications device; and

    a processor that requests the at least one remote communications device to assist in transferring data, sends a request to the at least one remote communications device for requesting use of a portion of unused bandwidth of the at least one remote communications device, receives a response from the at least one remote communications device, the response containing information about the portion of unused bandwidth, selects the at least one remote communications device with unused bandwidth, sends control information to the at least one remote communications device for participating in a multilink connection, receives packets from the at least one remote communications device and aggregates the data from the at least one remote communications device with data transfers from the at least one connection to increase data bandwidth for the communications device.

90. For example, any Motorola device implementing 3GPP, including through EN-DC, is a "communications device that is capable of providing broadband communications services."

91. Any Motorola device implementing 3GPP, including through EN-DC, has "at least one connection for connecting to a communications network." For example, each Motorola Infringing Product can establish at least one connection through a 4G-LTE link to a serving 4G-LTE base station (ENB) or a 5G-NR link to a serving 5G-NR base station (GNB) and subsequent connections via the "communications network" according to 3GPP specifications. The "communications network" is the 4G-LTE network (e.g. ENB and EPC) or the 5G-NR network (e.g. GNB and 5GC) which provides connection to a remote system via a network such as the Internet.

92. Any Motorola device implementing 3GPP, including through EN-DC, has "at least one wireless interface for connecting wirelessly to at least one remote communications device." For example, each Motorola Infringing Product has a network interface (modem) which connects to a 4G-LTE link to a serving 4G-LTE base station (ENB) or a 5G-NR link to a serving 5G-NR base station (GNB). The ENB and/or GNB are the "remote communications device" to which the

Motorola device is connected wirelessly according to 3GPP specifications. *See* Exhibit G, at Sections 3, 4.1.2, 4.1.3.1, 4.3.1, 4.3.2, and 10.2.1, 10.3.1.

93.    Any Motorola device implementing 3GPP, including through EN-DC, has "a processor that requests the at least one remote communications device to assist in transferring data." For example, a Motorola device in the EN-DC configuration has a processor that exchanges several messages and data structures including but not limited to those described in the following 3GPP specifications:

a.    **RRC Connection Setup Complete** which also includes the "Attach Request," "PDN Connectivity Request," and "UE Network Capability" data structures and elements. *See* Exhibit I, at Sections 5.5.1.2.4, 5.5.3.2.4, 8.2.4, 8.3.20, and 9.9.3.34.

b.    **UE Capability Information** which also includes the "UE-MRDC-Capability" and "SupportedBandListNR" data structures. *See* Exhibit J, at Section 6.3.3; *see also* Exhibit K, at Section 4.2.8.

c.    **GNB Addition Request** which also includes the "CG-Config" data structure. *See* Exhibit J, at Section 11.2.2.

d.    **RRC Connection Reconfiguration for 5G-NR Bearer** which also includes the "CG-Config" and the "RRCReconfigurationComplete" data structures. *See id.*, at Sections 11.2.2 and 6.2.2.

e.    **SgNB Reconfiguration Complete** which also includes the "RRCReconfigurationComplete" data structure. *See* Exhibit L, at Section 8.7.5; *see also* Exhibit J at Section 6.2.2.

f.    **NR PDCCH DCI** and **NR MAC PDU**. *See* Exhibit M, at Section 7; *see also* Exhibit N, at Section 6.

94.     Any Motorola device implementing 3GPP, including through EN-DC, has a processor that "sends a request to the at least one remote communications device for requesting use of a portion of unused bandwidth of the at least one remote communications device, receives a response from the at least one remote communications device, the response containing information about the portion of unused bandwidth, selects the at least one remote communications device with unused bandwidth." For example, as discussed in the paragraph above, a Motorola device in the EN-DC configuration has a processor that exchanges several messages and data structures.

95.     Any Motorola device implementing 3GPP, including through EN-DC, has a processor that "sends control information to the at least one remote communications device for participating in a multilink connection." For example, as discussed in the paragraphs above, a Motorola device in the EN-DC configuration has a processor that exchanges several messages and data structures. *See* Exhibit G, at Sections 3, 4.1.2, 4.1.3.1, 4.3.1, 4.3.2, and 10.2.1, 10.3.1.

96.     Any Motorola device implementing 3GPP, including through EN-DC, has a processor that "receives packets from the at least one remote communications device and aggregates the data from the at least one remote communications device with data transfers from the at least one connection to increase data bandwidth for the communications device." For example, a Motorola device in the EN-DC configuration is simultaneously connected to "at least one remote communications device" such as a 4G-LTE base station (ENB) and a 5G-NR base station (GNB) via "at least one connection" such as a 4G-LTE wireless link and/or a 5G-NR wireless link. Both or either of these wireless links and base stations may be used to communicate with a remote system using the 3GPP "split bearer" configuration. The "split bearer" configuration of EN-DC transfers data simultaneously via multiple network connections (e.g. 4G-LTE and 5G-

NR) which "aggregates the data" and "increases data bandwidth." *See* Exhibit G, at Sections 4.2.2 and 4.3.2.1.

97.     As such, Motorola, without license or authorization to do so, has directly infringed one or more claims of the '801 Patent, literally or under the doctrine of equivalents, by making, using, offering for sale and/or selling its Infringing Products within this District and elsewhere in the United States, and/or importing into the United States its Infringing Products, in violation of 35 U.S.C. § 271(a).

98.     CAS is entitled to damages for past infringement in an amount to be determined by the Court but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, CAS respectfully requests that the Court find in its favor and against Defendant Motorola Mobility LLC, and that the Court grant CAS the following relief:

a.  A judgment in favor of CAS that Defendant Motorola Mobility LLC has infringed one or more claims of each of the following Asserted Patents of CAS: 8,861,349; 9,350,649; 11,418,641; 11,582,343; and 8,228,801;

b.  An accounting of and an award to CAS of damages adequate to compensate CAS for Defendant Motorola Mobility LLC's acts of infringement, including a reasonable royalty, and also including supplemental damages for any post-verdict infringement up until entry of final judgment with an accounting as needed, together with pre-judgment and post-judgment interest pursuant to 35 U.S.C. § 284;

c.  A declaration that this is an exceptional case, including an award to CAS of its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes and rules in common law as may apply;

d.  An award to CAS of its costs pursuant to 35 U.S.C. § 284 and/or Fed. R. Civ. P. 54(d); and

e.  An award of any such further relief that the Court deems just and proper.

## **JURY DEMAND**

CAS herby demands a jury trial on all issues so triable.

Dated: September 2, 2025                       Respectfully submitted,

                                        By: */s/ Kevin P. Robinowitz*

                                        Kevin P. Robinowitz
                                        Texas Bar No. 24000917
                                        2200 Ross Avenue, Suite 2900
                                        Dallas, TX 75201
                                        Telephone: (214) 560-2201
                                        Facsimile: (214) 560-2203
                                        Email:kevin.robinowitz@stinson.com


                                        B. Scott Eidson (Pro Hac Vice forthcoming)
                                        Timothy D. Krieger (Pro Hac Vice forthcoming)
                                        Julie C. Scheipeter (Pro Hac Vice forthcoming)
                                        STINSON LLP
                                        7700 Forsyth Blvd., Suite 1100
                                        St. Louis, MO 63105
                                        Phone: 314-863-0800
                                        Email: scott.eidson@stinson.com
                                        Email: tim.krieger@stinson.com
                                        Email: julie.scheipeter@stinson.com
                                        Email: judith.araujo@stinson.com


                                        Judith Araujo (Pro Hac Vice forthcoming)
                                        1144 Fifteenth Street, Suite 2400
                                        Denver, CO 80202
                                        Phone: 303-376-8400
                                        Email: judith.araujo@stinson.com

Alexandra P. Stanley (Pro Hac Vice forthcoming)
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Phone: 612-335-1500
Email: alexandra.stanley@stinson.com

*Attorneys for Plaintiff Competitive Access Systems, Inc.*